Thomas, &c., vs. McKay.

---

CASE 38—MOTION—JULY 5.

## Thomas, &c., vs. McKay.

APPEAL FROM NELSON CIRCUIT COURT.

*Motion to set aside sheriff's return of satisfaction of an execution.*—The execution plaintiff required a levy and sale of mortgaged land to be made by the sheriff as unencumbered property, and became the purchaser at the amount of his execution. The land having been subjected and sold by equitable proceedings to satisfy the mortgage debt, the execution plaintiff's motion to set aside the sheriff's return was properly overruled by the circuit court. The purchaser's right was subordinate to the mortgage, the same as if the land had been sold as encumbered property. (*Covington and Cincinnati Bridge Co. vs. Walker*, 2 *Duvall*, 150.)

GRIGSBY & HARDIN,                                    For Appellants,

CITED—

2 *Met.*, 194; *Forrest vs. Philips, &c.*

E. E. McKAY,                                         For Appellee.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellants had an execution against appellee, which they caused to be levied upon fifty-five acres of land, which appellee had purchased of J. D. Stone, but had

not fully paid for, a lien still existing on it for this unpaid purchase price. The levy was made subject to this vendor's lien. No sale occurred until some several renewals of the execution and continuance of the levy, and until finally a *venditioni exponas* issued, and the sale had under it. In the meantime, Stone had subjected the land to his vendor's lien, and all but seventeen acres had been sold by the judgment of the court. Appellants then had this seventeen acres sold, and bid it in themselves for the amount of their debt. This land had been mortgaged by E. H. McKay to Fulton, previous to the issual of appellants' first execution, and Thomas, by attorney, on the day of sale, demanded that the land should be sold, regardless of the mortgage; purchasing it himself at less than half its value.

At the time of this execution sale, N. G. Thomas had attacked said mortgage as invalid in his answer and cross-petition in an equity suit of A. C. Thomas, his assignor, against E. H. McKay; and to his said answer and cross-petition he had made Fulton, the mortgagee, a party, who had answered, setting up his mortgage, and asked its foreclosure some months previous to the execution sale. So N. G. Thomas had actual notice that the mortgage existed, and was seeking to set it aside in equity when he demanded that the officer should sell the seventeen acres of land, regardless of it. Having failed to set aside the mortgage, and Fulton having obtained a decree of foreclosure, the seventeen acres were sold in satisfaction thereof, leaving Thomas nothing; whereupon, he made this motion to quash the levy and sale on his execution, and for another execution against E. H. McKay. Had he succeeded in setting the mortgage aside, he would have made a handsome speculation. It was this chance of speculation he purchased; for he

need not have sold the land under his execution until the chancery suit had finally determined the validity of the mortgage; but having himself demanded the land should be sold, regardless of the mortgage, he has estopped himself from complaining that the levy and sale secured him nothing. Had he required the land to be levied on and sold subject to the mortgage, and had bid the amount of his debt, after the foreclosure of the mortgage and sale of the land, he could have had no relief, as decided by this court in *Covington and Cincinnati Bridge Company vs. Walker* (2 *Duvall*, 150), why should he have any relief when he seeks a sale with greater prospects of gain? He obtained precisely what he purchased—that is, the land, subject to the mortgage —hoping to defeat it, and thereby make large gains. Whatever may have been his rights, had the officer so levied and sold without his interference, he has none as it is.

Wherefore, the judgment dismissing his motion is affirmed.